Adlow, J.
In this action of contract the plaintiff seeks to recover for medical services rendered the defendant’s intestate. The answer of the defendant sets up the Statute of Limitations.
The plaintiff, a physician, had attended one Roberto Barquinero in his last illness. Barquinero died intestate on August 19, 1937. On October 13, 1937 the defendant applied for administration and was appointed administratrix. Her bond was approved on November 8, "1937. On February 11, 1938 an inventory of the estate was filed with the Probate Court. This inventory did not disclose an interest which the intestate had in a partnership at the time of Ms death. On May 12, 1938 the defendant, as administratrix, received from this partnership the sum of $1894.17 in settlement of the claim of the estate for the intestate’s interest. The plaintiff learned that this settlement had been made with the administratrix on March 20, 1939, and *142 ¡brought this action against the estate on September 16, 1939:
It is unnecessary to recite the plaintiff’s requests for rulings of law which the court denied. It is sufficient to note that the evidence as reported required a ruling that the plaintiff’s action was barred by the Statute of Limitations.
An executor or administrator shall not be held to answer to an action by a creditor of the deceased unless said action is commenced within one year from the time of his giving bond. Gen. Laws (Ter. Ed.) Chap. 197, §9. Under the provisions of Section 11 of Gen. Laws, Chap. 197 (Ter. Ed.) if new assets come into the hands of an executor or administrator after the expiration of one year from the time of his giving bond, the creditor may sue, provided that he brings suit within 6 months after he received notice of the new assets and within one year after such assets were actually received. The benefits of section 11 are not available to the plaintiff, but are limited to. situations where assets are acquired more than one year after the time of giving bond. In the present action the new assets came into the hands of the administrator within the year. If the plaintiff has been imposed upon by the concealment of assets of the estate, and justice and equity require it, the plaintiff may .proceed under Gen. Laws (Ter. Ed.) Ch. 197, §10 and bring a bill in equity in the Supreme Judicial Court.
There was no error in the court’s ruling that the time for bringing an action at law had expired when the writ in this action was brought.
Eeport dismissed.